## N. B. EDGERLY AND WM. WICKMAN *v.* SCHOONER SAN LORENZO.

LIEN ON VESSEL FOR SUPPLIES.—If a credit is given for supplies and materials furnished a vessel, the lien of the person furnishing the same, for the price thereof, continues on the vessel for the period of one year from the time the demand falls due.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Plaintiffs were ship chandlers and dealers in ship and steamboat stores, and at the request of the master and owners of the San Lorenzo furnished the schooner materials, which were used in her construction, on a credit of six months. Plaintiffs recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for Appellant, contended that the giving of credit operated as an absolute abandonment of the lien which plaintiffs might otherwise have had, because such lien only existed by force of the statute, and the statute

did not provide that credit might be given and the lien be yet preserved, and cited *Emerson et al.* v. *Steamboat Shawanee City*, 10 Wisconsin, 434; *Newcomb* v. *Steamboat Clermont*, 3 Iowa, 295; and the case of the *General Smith*, 4 Wheat. 443.

*Porter & Holladay*, for Respondents, argued that the giving of credit to the vessel was not an abandonment of the lien, and that an abandonment of a lien could never be inferred unless the sale of the materials was made on the personal credit of the owners of the vessel, or third persons, or other collateral security, and that the plain meaning of the statute was that the lien continued one year from the time the plaintiffs had a right to commence suit.


By the Court, SAWYER, J.

Under section three hundred seventeen of the Practice Act, all steamers, vessels and boats are liable, among other things, for materials furnished for their construction, etc., and the several claims mentioned constitute liens upon the steamer, vessel or boat for which the materials are furnished and used, " provided such liens shall only continue in force for a period of one year from the time the cause of action accrued."

In this case the materials were furnished on a six months credit. The suit was commenced within a year after the credit expired, but not within a year after the materials were furnished, and the question is, whether the suit was brought before the lien expired? The solution depends upon the further question, when did the " cause of action " accrue within the meaning of these terms, as used in the statute? Clearly the party could not maintain an action till the term of credit fixed by the contract expired. Until that time he had no ground of complaint. Until a breach of the contract no cause of action existed. That a cause of action could not have accrued, or arisen till a cause of action had been in some mode brought into being, would seem to us to be too plain to admit of argument, had it not been held otherwise by the Supreme

Court of Wisconsin. To hold that a cause of action has accrued upon a contract in favor of a party before there has been a breach, and before he is entitled to commence an action, would seem to be a contradiction of terms. The first section of the Statute of Limitations provides, that " civil actions can only be commenced within the periods prescribed in this Act, after the cause of action shall have accrued," etc. Can there be any doubt as to what the clause " after the cause of action shall have accrued " means? Will it be pretended that a cause of action has accrued upon a note secured by a mortgage the moment it is executed, without reference to the time of payment? Such a proposition would be absurd. The bar of the statute might attach on that supposition before an action could be brought. The same language is used in the section of the Practice Act under consideration, and there is nothing in the provision which leads us to suppose that the terms are used in a sense different from their ordinary legal signification—or different from the sense in which they are used in the Statute of Limitations. If the language does not express the idea intended to be conveyed, it is the fault of the Legislature. We are unable to adopt the construction given by the Supreme Court of Wisconsin to a statute of similar import. The cause of action did not, in our opinion, accrue till the term of credit expired. The statute says nothing about credit, but says, that the vessel shall be liable, that the cause of action shall be a lien, and that the lien shall continue in force for a period of one year from the time the cause of action accrued; and it is not the province of the Court by strained construction to curtail the statutory right. If the Act produces inconvenience, the remedy is with the Legislature.

The judgment is affirmed.